IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHIEF MICHAEL S. OWL FEATHER-GORBEY**, | : | CIVIL ACTION NO. 1:20-CV-2011 |
| | : | |
| | : | (Judge Conner) |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **LT. BLACK**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Chief Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this action pursuant to Bivens[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA")[2]. (Doc. 1). Named as defendants are several USP-Lewisburg supervisory and correctional staff members, and the United States of America. Gorbey seeks to proceed *in forma pauperis*. (Doc. 6). The complaint is presently before the court for screening.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). For the reasons set forth below, the court will deny the application to proceed *in forma pauperis*, and this action will be stayed pending receipt of the full filing fee.

I. **Allegations of the Complaint and Allegations of Imminent Danger**

Gorbey alleges that defendant Black, at the request of defendants Spaulding, Konkle, and Shirk, as well as various United States District Court judges and United States Circuit Court judges, demanded that he withdraw a pending administrative remedy allegedly related to his lower-bunk bed assignment. (Doc. 1 at 5). Gorbey further alleges that defendants have threatened him because he has refused to withdraw his pending administrative remedy. According to the complaint, defendants physically restrained Gorbey and demanded that he withdraw his administrative remedy. Defendants allegedly threatened Gorbey that if he failed to withdraw his administrative remedy request, he would receive a new, abusive cell mate and that his complaints would go nowhere. (Id. at 5-6).

For relief, Gorbey seeks monetary compensation and immediate release from custody. (Doc. 1, at 8).

II. **Discussion**

The Prison Litigation Reform Act of 1996 (PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted the "three strikes" provision. Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while

2

incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless the prisoner was in imminent danger of serious physical injury at the time that the complaint was filed. See Abdul-Akbar, 239 F.3d at 310-11.

There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. See Gorbey v. The Federal Bureau of Alcohol, *et al.*, Civil Action No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); Gorbey v. District of Columbia, *et al.*, Civil Action No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); Gorbey v. Federal Bureau of Prisons, *et al.*, Civil Action No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey). Because Gorbey is subject to the three strikes provision in 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant action.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify

3

for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul-Akbar, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Abdul-Akbar, 239 F.3d at 313. When evaluating an allegation of imminent danger of serious physical injury, the court must determine whether the inmate has drawn "an adequate nexus between the claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." Ball v. Hummel, 577 F. App'x 96, at n.1 (3d Cir. 2014) (nonprecedential) (citing Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009)).

In the present matter, Gorbey's claims of imminent danger fail to meet that standard. Gorbey does not challenge the fact that he has three strikes. Rather, he states that he is under imminent danger of serious physical injury because staff members placed him in a cell with occupied beds, ignored his requests for assistance and, ultimately—after placing him in physical restraints—threatened him with a new, abusive cellmate. Gorbey also alleges that staff members threatened to "deal with [his] property" if he failed to withdraw his administrative complaint. Doc. 1 at 5-6. The court finds that Gorbey has failed to allege any imminent danger of serious physical injury. Gorbey's vague and generalized allegations of past exposure to inmates with COVID-19 and failure-to-protect, (see Doc. 2 at 2-3), and current threats of a new, more violent cellmate, (see Doc. 1 at 6),

are insufficient to demonstrate imminent danger.  See Ball v. Famiglio, 726 F.3d 448, 470 (3d Cir. 2013), abrogated on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015).

Upon thorough review of the filings in this action, the court concludes that Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*.  If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full.  Failure to pay the filing fee will result in dismissal of the complaint without prejudice.  See Brown v. City of Philadelphia, 331 F. App'x 898 (3d Cir. 2009) (nonprecedential) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

### III.    Conclusion

The court will deny Gorbey's application to proceed *in forma pauperis* and direct him to submit the requisite filing fee.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       January 5, 2021